EPHRAIM DRAKE v. ELIZABETH THOMAS ET AL.

**Trust—Action Against Trustee—Venue.**

The appellant might, by a rule in the Woodford Circuit Court, have been forced to settle his accounts as trustee, being an appointee of that court—still the venue was not local to that court and appellees might bring their suit in the county where the summons could be served on appellant.

APPEAL FROM JESSAMINE CIRCUIT COURT.

June 11, 1872.

OPINION BY JUDGE PETERS:

By the terms of the deed to Price, the trustee, we have no doubt that Mrs. Thomas and her children took a joint and equal interest.

By the sale of the land under the judgment of the Woodford Circuit Court the character of the estate was changed and was converted into personalty. By the death of Simon Thomas the reasons for the trust ceased and which appellant might, by a rule in the Woodford Circuit Court, have been forced to settle his accounts as trustee, being the appointee of that court. Still,

the venue was not local to that court, and appellees might bring their suit in the county where the summons could be served on appellant.

It cannot be regarded as a hardship upon him to require him to settle his accounts, especially as he seems never to have given any surety for the funds in his hands. Nor does the amount adjudged against him appear to be more than he justly owes— even admitting his defense to the suit is properly before the court.

We do not perceive that any injustice was done, or that the judgment is prejudicial to appellant. Wherefore the same is affirmed.

*Huston, for appellant.*

*Anderson, for appellees.*